UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RONNIE R. RAY | ) | CASE NO. 05-36071(13) |
| ANGELA G. RAY | ) | |
| | ) | |
| Debtor(s) | ) | |

### MEMORANDUM-OPINION

    This matter is before the Court on the Motion of Secured Creditor Regional Acceptance Corporation ("Regional Acceptance") to Amend Confirmation Order. The Court considered the Motion of Regional Acceptance and the Objection to Motion of Regional Acceptance Corporation to Amend Confirmation Order of Debtors, Ronnie R. Ray and Angela G. Ray ("Debtors"). For the following reasons, the Court **GRANTS** the motion of Regional Acceptance.

### FACTS AND LEGAL ANALYSIS

    Regional Acceptance is the secured lienholder on Debtors' 2004 Ford Mustang. Regional Acceptance filed a Proof of Claim on October 3, 2005 asserting a secured claim in the amount of $15,720.34.

    The confirmation Order entered on October 13, 2005 values the 2004 Ford Mustang at $10,000 with interest to be paid at 10%. The appraisal performed by the Court appointed appraiser set the value of the 2004 Ford Mustang at $14,175. Regional Acceptance claims that it did not object to the Debtors' Plan because it believed the Court appointed appraiser's value would be used.

    The Court finds that all creditors have a reasonable expectation that the Court appointed appraiser's assessment of the value of items will be used in the confirmation process. In this

jurisdiction, the confirmation hearing is held on the same date as the §341 meeting. If creditors cannot rely on the Court appointed appraiser's value to be used in the Plan, every creditor would be required to attend the §341 meeting and the confirmation hearing. Otherwise, a creditor's nonattendance at the §341 meeting could result in confirmation by ambush with significant impairment of their claims. This cannot be permitted.

In the case at bar, the appraisal was of record ten days prior to the §341 meeting. Regional Acceptance did not object to the Plan because the appraisal was of record. Had Regional Acceptance attended the hearing, the Court appointed appraiser's value would have been used in the Plan and the Order of Confirmation.

Regional Acceptance's Motion to Amend the Order of Confirmation was filed by November 14, 2005. The Court finds there is no undue delay in Regional Acceptance's action to protect its claim. Accordingly, the Motion to Amend Order of Confirmation is **GRANTED**.

## CONCLUSION

For all of the above reasons, the motion of secured creditor Regional Acceptance Corporation to Amend Confirmation Order is **GRANTED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RONNIE R. RAY | ) | CASE NO. 05-36071(13) |
| ANGELA G. RAY | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of secured creditor Regional Acceptance Corporation to Amend Confirmation Order, be and hereby is, **GRANTED**. The Order of Confirmation is amended to reflect the value of Regional Acceptance's claim as $14,175.